# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-3528

_____

Robert R. Wisdom; Nancy J.    *
Wisdom,    *
   *
        Appellants,    *    Appeal from the United States
   *    District Court for the
    v.    *    Eastern District of Missouri.
   *
First Midwest Bank of Poplar Bluff;    *    [UNPUBLISHED]
Estate of Jerry F. McLane,    *
deceased; Jerry Dorton; Joey    *
McLane,    *
   *
        Appellees.    *

_____

Submitted: April 12, 2000
Filed: April 25, 2000

_____

Before BOWMAN and HANSEN, Circuit Judges, and CARMAN,[1] Judge.

_____

PER CURIAM.

_____

[1]The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

Robert and Nancy Wisdom appeal the judgment of the district court[2] denying their motion for leave to file an amended complaint and dismissing their cause of action against First Midwest Bank of Poplar Bluff and three of its officers. The Wisdoms initially brought a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), see 18 U.S.C. § 1961-1968, and also alleged claims of mail fraud, extortion, violation of the Truth in Lending Act, and state law claims of common law fraud and deceit. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, and we affirmed that dismissal in part but remanded for the district court to consider the Wisdoms' request to amend their complaint as to the Bank Holding Company Act (BHCA), 12 U.S.C. § 1971-1978, and the Missouri common law fraud claim. See Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999).

On remand, the Wisdoms filed a motion to amend their complaint and a proposed first amended complaint asserting three counts. After considering the motion, the district court concluded that Count I, which alleged violations of the anti-tying provisions of the BHCA, see 12 U.S.C. § 1972, and Count II, which alleged a conspiracy to violate the BHCA, were barred by the Act's four-year statute of limitations. See 12 U.S.C. § 1977(1). Having disposed of the federal law claims, the district court declined to exercise supplemental jurisdiction over the state common law fraud claim of Count III and dismissed the complaint. The Wisdoms now appeal the order dismissing their cause of action.

Because we agree with the district court's conclusion that the BHCA's four-year statute of limitations precludes the Wisdoms' claims of anti-tying and conspiracy as alleged in Count I and Count II, we find the district court did not abuse its discretion in denying leave to amend on the grounds of futility. Furthermore, the district court did

---

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

2

not abuse its discretion by declining to exercise its supplemental jurisdiction over Count III.  Accordingly, for the reasons stated by the district court, we affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT